569 So.2d 773 (1990)
Paul Joseph VAN GOTUM, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-02927.
District Court of Appeal of Florida, Second District.
October 3, 1990.
Rehearing Denied November 16, 1990.
Roy E. Black and Marisa T. Mendez of Black & Furci, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Paul Joseph Van Gotum, Sr., appeals his convictions for kidnapping, grand theft, and aggravated battery. We affirm his grant theft and aggravated battery convictions without discussion. We also affirm his kidnapping conviction despite an error in the jury instructions concerning that offense. In light of the factual determinations essential to the jury's verdict on grand theft, the error in the instructions concerning kidnapping did not affect the jury's verdict in this case, and thus, was harmless beyond a reasonable doubt.
*774 The defendant was a deputy sheriff for the Hendry County Sheriff's Department. His victim had been his girlfriend. The defendant and his former girlfriend had ended their relationship in the spring of 1986 after an argument. Two months after the argument, the defendant informed his former girlfriend that he was moving out of his apartment and that she should retrieve several items of personal property that she had left in the apartment.
On June 12, 1986, the former girlfriend came to the defendant's apartment by herself in the afternoon to pick up her property. The defendant allowed her to enter his apartment. She went upstairs to see his new dog, and the defendant followed her. With no apparent motive, he proceeded to shock her with an electrical device used by police to subdue violent prisoners. Thereafter, he struck her face with the device, causing a permanent scar on her forehead. He then tied her to a chair and gagged her. He told her not to worry because someone would find her "in a couple of days."
While the victim was bound, the defendant asked for her car keys. She initially refused to reveal the location of the keys. After he searched her person, she told him that the keys were in her purse in her car. He took the keys, stole her car, and drove away. After the defendant left, the victim eventually escaped and reported the crimes to the Hendry County Sheriff's Department. Two deputy sheriffs quickly located and captured the defendant.
On July 14, 1986, the state filed a multiple-count information, charging the defendant with kidnapping, grand theft of an automobile, and aggravated battery. Concerning the kidnapping charge, the information identifies section 787.01, Florida Statutes (1985), as the citation of law violated. See Fla.R.Crim.P. 3.140(d)(1). The kidnapping count states:
On or about June 12, 1986, in Hendry County, Florida, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to-wit: [victim's name], against that person's will, with the intent to commit or facilitate the commission of a felony.
The count essentially tracks the language of subsection 787.01(1)(a), Florida Statutes (1985), but it alleges only the second intent described in that statute. Kidnapping is statutorily defined with reference to four distinctly different intents. The statute defines kidnapping as
forcibly, secretly, or by threat, confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or a hostage.
2. Commit or facilitate the commission of any felony.
3. Inflict bodily harm upon or terrorize the victim or another person.
4. Interfere with the performance of a governmental or political function.
§ 787.01(1)(a), Fla. Stat. (1985). In this case, the state charged the defendant with kidnapping based only on the intent to commit or facilitate the commission of a felony. The defendant was tried in absentia[1] and found guilty of all three charges.
The defendant first contends that the trial court should have dismissed the kidnapping count in the information for failure to allege the necessary elements of kidnapping. We note that the motion to dismiss was not resolved prior to trial. A defect or variance in an information which is not cured prior to trial is not often a basis for a new trial. DuBoise v. State, 520 So.2d 260 (Fla. 1988). Without regard to the timing of the motion, however, the trial court properly denied the motion to dismiss. In this case, the information adequately alleges a violation of subsection 787.01(1)(a)2. Although the information would have been more artfully drafted if the prosecutor had specified the committed or facilitated felony, it is clear that defense counsel understood that the other two felonies alleged in the information, grand theft and aggravated battery, were the intended felonies. The defense was not misled by any vagueness within the kidnapping *775 count. See Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). In fact, defense counsel addressed both grand theft and aggravated battery when he argued the alleged insufficiency of the evidence in his motion for a judgment of acquittal.
The defendant next contends that the trial court erred when it instructed the jury on the intent to terrorize the victim, which is contained in subsection 787.01(1)(a)3, Florida Statutes (1985). Defense counsel objected to this instruction because the information did not allege kidnapping based on an intent to terrorize the victim. The trial court overruled the defendant's objection and gave a kidnapping instruction including both the intent to commit or facilitate the commission of a felony and the uncharged intent to terrorize the victim. We agree that the trial court should not have instructed on the uncharged intent.
Although the state may amend the information at any time prior to trial to correct a formal defect, it did not attempt to do so in this case. Fla.R.Crim.P. 3.140(j). There is no indication in the record that the defendant expected the state to proceed under a theory different from the one that the state had alleged in the information. Thus, the trial court should not have given the instruction on the intent to terrorize the victim. See generally Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981) (defendant's kidnapping conviction cannot be upheld on a proven, but uncharged intent).[2]
We affirm the defendant's kidnapping conviction, however, because the trial court's error in instructing the jury on the uncharged intent was harmless beyond a reasonable doubt in this case. Wilhelm v. State, 568 So.2d 1 (Fla. 1990); DiGuilio v. State, 491 So.2d 1129 (Fla. 1986). Except for the required connection between the confinement and an intent to commit a separate felony, the defendant does not contest that the jury's verdict establishes the other required elements of kidnapping as charged in the information. Since the verdict form did not require the jury to specifically identify the intent it relied upon to convict the defendant, we must decide whether the jury's verdict, which also convicted the defendant of both aggravated battery and grand theft, necessarily required the jury to find the intent which was actually alleged in the kidnapping count. The defendant argues that this determination is not possible from the face of the verdict and that we cannot make this determination without substituting our own judgment for that of the trier-of-fact. We disagree.
Initially, we note that the defendant's suggested analysis is the correct analysis to employ in this case to determine whether he was harmed by the erroneous instruction. An appellate court may not substitute its own judgment for that of the trier-of-fact. DiGuilio. In a harmless error analysis, the question is "whether there is a reasonable possibility that the error affected the verdict." DiGuilio, 491 So.2d at 1139. Even if the evidence of the defendant's guilt were overwhelming, this would not empower this court to engage in fact-finding. Wilhelm.
The jury found that the defendant forcibly confined or imprisoned his former girlfriend against her will and without lawful authority. The jury also found that the defendant committed grand theft of the victim's automobile. The only issue remaining was whether the defendant's unlawful restraint of his victim was committed "with" the intent to commit the felony *776 of grand theft.[3]
It is entirely possible that the defendant had no intent to steal his victim's car when he first bound and gagged her. Arguably, the offense may have been only false imprisonment at its inception. See § 787.02, Fla. Stat. (1985); Mills. On the other hand, the evidence is undisputed that the defendant stole the car after his victim was confined. When the jury found the defendant guilty of grand theft, it necessarily found an intent on the part of the defendant to steal the car. The continuing unlawful confinement and the intent to steal the car existed at the same time and involved the same victim. As a matter of law, this connection between the unlawful confinement and the theft, involving an identity of both time and victim, establishes a confinement "with" the intent to commit the theft.[4] Thus, we are confident beyond a reasonable doubt that the trial court's error did not affect the jury's verdict, and that the verdict concerning the grand theft necessarily establishes that the jury also found a kidnapping based on that intent which it was legally authorized to consider.
Affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The defendant failed to appear after the first day of trial.
[2] We recognize that an indictment for first-degree premeditated murder generally permits jury instructions on both premeditated and felony-murder. State v. Pinder, 375 So.2d 836 (Fla. 1979); Knight v. State, 338 So.2d 201 (Fla. 1976); Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966), cert. denied, 201 So.2d 459 (Fla. 1967). Such an indictment is unlikely to confuse or prejudice a defendant. Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). On the other hand, the four alternative kidnapping intents are quite distinct. When the state specifically chooses one intent, there is little to suggest that it will rely on a different intent at trial.
[3] Since we hold that the verdict necessarily includes this intent, we do not consider whether the verdict also includes the intent to facilitate the aggravated battery by permitting the defendant to escape. See Ferguson v. State, 533 So.2d 763 (Fla. 1988) (defendant's confinement of his victims after a robbery in order to facilitate his escape constitutes kidnapping).
[4] It is interesting to note that this problem is nearly the opposite problem of that addressed in Faison v. State, 426 So.2d 963 (Fla. 1983). In a Faison analysis, one determines whether the unlawful restraint is so interrelated with the felony that the restraint effectively merges with the felony. That clearly is not an issue in this case. Instead, the issue is whether the defendant's unlawful restraint of his former girlfriend was so unrelated to the grand theft that the restraint was performed "without" an intent that relates to the commission of the felony.