726 So.2d 839 (1999)
Joseph RALLO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02827
District Court of Appeal of Florida, Second District.
February 5, 1999.
*840 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Rallo.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Joseph Rallo appeals his convictions of two counts of handling and fondling a child under the age of sixteen years and three counts of a lewd and lascivious act in the presence of a child under the age of sixteen years. We agree with Rallo that the trial court erred in denying his motion for judgment of acquittal of count V and in sentencing him as a violent career criminal. We find no merit in his Williams[1] Rule argument and therefore affirm his convictions of counts I through IV.
Rallo contends that the trial court erred in denying his motion for judgment of acquittal of count V, which count alleged in pertinent part as follows:
[D]id knowingly commit a lewd and lascivious act in the presence or upon N.B., a child under the age of sixteen years, by willfully and knowingly placing the penis of JOSEPH P. RALLO into or in union with the anus of said child, which act as stated was lewd and lascivious in the presence of a child under the age of sixteen years, namely, N.B., but without committing the crime of sexual battery upon the said N.B.; contrary to Chapter 800.04, Florida Statutes, and against the peace and dignity of the State of Florida.
Rallo argues that there was no evidence to support a finding that his penis ever came into contact with N.B.'s anus as N.B. testified that he did not feel anything other than Rallo's hands. The State responds that section 800.04 includes conduct which simulates that a sexual battery is being or will be committed and that Rallo's actions made N.B. believe that Rallo was going to engage in anal intercourse with him. However, as Rallo argues, the information did not allege simulation, it alleged actual contact. Furthermore, the jury was not instructed on simulation.
"The proof at trial must substantially conform to the allegations of the indictment or information in order that the defendant not be prejudiced in the preparation of a defense or subject him to reprosecution for the same offense." See Ross v. State, 664 So.2d 1004, 1008 (Fla. 4th DCA 1995). See also Aaron v. State, 284 So.2d 673, 677 (Fla. 1973) ("The right of persons accused of serious offenses to know, before trial, the specific nature and detail of crimes they are charged with committing is a basic right guaranteed by our Federal and State Constitutions.") Accordingly, since the evidence produced at trial was not sufficient to prove the charge alleged in count V of the information, we reverse Rallo's conviction of count V.
*841 Rallo also argues that he was improperly sentenced as a violent career criminal pursuant to section 775.084(c), Florida Statutes (1995), because one of the prerequisites of subsection 775.084(c)3. was not satisfied. That subsection provides as follows:
The primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. and was committed on or after October 1, 1995, and within 5 years after the conviction of the last prior enumerated felony or within 5 years after the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.
The only offense offered by the State and relied upon by the trial court in sentencing Rallo as a violent career criminal was a burglary conviction in South Carolina, where the offense was entitled "housebreaking." On June 2, 1977, Rallo was sentenced as follows in South Carolina: "for Housebreaking Five (5) years[,] for Grand Larceny Ten (10) years consecutive[,] for Safecracking Twenty (20) years consecutive[,] for a Total of thirty[-]five (35) years". Rallo contends that since he was sentenced to serve the burglary offense first, he was released from the sentence for that offense on June 2, 1982 at the latest, which was more than five years before he committed the offenses for which he was sentenced in the present case. Consequently, he argues, the South Carolina burglary conviction could not serve to support his being sentenced as a violent career criminal in the present case.
We agree with Rallo's argument. Section 775.084(c)3. specifies release from a prison sentence, not release from confinement. Although this language allows for the disparate sentencing as violent career criminals of defendants with identical criminal histories depending solely on the order in which they served sentences for enumerated felonies, we are not free to reinterpret a clearly-worded and unambiguous statute. See Holly v. Auld, 450 So.2d 217 (Fla.1984).
The State argues that Rallo has not shown that the South Carolina Department of Corrections did not have the authority to require that the sentences be served in a different order from that specified in the sentence. However, as Rallo notes, South Carolina law provides that the intent of the trial court is to be followed in determining how sentences are to be served. See State v. DeAngelis, 257 S.C. 44, 183 S.E.2d 906 (1971); Polk v. Manning, 224 S.C. 467, 79 S.E.2d 875 (1954). We believe that the intent of the South Carolina trial court is clear in the language quoted above from Rallo's sentence, i.e., Rallo was to first serve five years for housebreaking, then ten years for larceny, then twenty years for safecracking. Thus, Rallo was released from his prison sentence for the enumerated offense of burglary more than five years before the offenses in the present case were committed. Consequently, that enumerated offense could not be used to sentence Rallo as a violent career criminal, and he was improperly classified as such.
Accordingly, we affirm Rallo's convictions of counts I through IV, we reverse his conviction of count V, and we remand for resentencing in accordance with this opinion.
Affirmed in part, reversed in part, and remanded for resentencing.
ALTENBERND, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).