790 So.2d 1242 (2001)
D.R., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2962.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
*1243 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
D.R. appeals a final order withholding adjudication for the crime of lewd and lascivious exhibition. He contends that he was wrongfully convicted of a crime that was not alleged in the information. We agree and reverse.
Counts 1, sexual battery, and Count 2, lewd and lascivious exhibition, of the petition state:
COUNT 1: In the county of BREVARD, State of Florida, on or about February 08, 2000, [D.S.R.] being under the age of eighteen (18) years old, did unlawfully commit a sexual battery upon [K.T.], a person less than twelve (12) years of age, to wit: SIX YEARS OF AGE, by PLACING HIS PENIS IN OR IN UNION WITH [K.T.'S] VAGINA, contrary to Section 794.011(2), Florida Statutes,
COUNT 2: In the county of BREVARD, State of Florida, on or about February 08, 2000, [D.S.R.] being FIFTEEN YEARS OF AGE, did intentionally commit a sexual act that did not involve physical or sexual contact with [I.R.], a child FIVE YEARS OF AGE, by PLACING HIS PENIS IN OR IN UNION WITH [K.T.'S] VAGINA IN THE PRESENCE OF [I.T.] (sic), contrary to Section 800.04(7)(a), Florida Statutes.
After hearing the case non-jury, the trial judge concluded:
I want you all to know that as far as my conclusion is, and I'm going to deal with Count 2 first, with regard to [I.R.], the lewd and lascivious count, that [D.R.], did in fact approach [K.T.] in a lewd and lascivious manner. And that was done in the presence of [I.R.], who perceived what was happening at the time, she being a child under the age of 16. For that reason, I do find beyond a reasonable doubt that he is, in fact, guilty of Count 2 as it relates to [I.R.]....
So I have reasonable doubt as to whether there was contact or penetration.
I think the truth is, that the defendant moved there, for a moment or two he did have the intent and a plan to effectuate this crime of sexual battery on this child. And I think that, as he moved towards the child and looked up and saw the other child staring at him, the witness, he changed his mind and left. I think that is where the truth lies in this whole scenario. It's just like the mother said. He did put his thing near, towards her daughter, and that's enough for her and that's certainly understandable, and that's probably what took place. But as far as proof beyond a reasonable doubt goes, that it actually touched, I can't get that from the victim's testimony, because she said inconsistent things and it's inconsistent with the physical evidence.
*1244 D.R. contends that both counts of the petition alleged that he committed the sexual act of "placing his penis in or in union with [K.T.'s] vagina." Since the judge found reasonable doubt regarding contact and penetration in Count 1, D.R. should not have been convicted on Count 2. The state argues that D.R. failed to preserve this argument for appeal, and even if he had, the court did not err in disregarding this language as unnecessary surplusage.
We address the preservation of error issue first. After the court rendered its verdict, D.R., filed a motion for arrest of judgment pursuant to Florida Rule of Criminal Procedure 3.610(c) and (d). During the hearing on this motion, D.R.'s attorney admitted that he failed to file the motion within 10 days of the verdict being rendered, as required by Florida Rule of Criminal Procedure 3.590. The court denied the motion as untimely.
In a criminal case, the trial court would have been correct because the 10 day time limit in rule 3.590 is jurisdictional. See State v. Johnson, 651 So.2d 145 (Fla. 2d DCA 1995). However, this was a juvenile delinquency proceeding. Juvenile proceedings are not governed by the Florida Rules of Criminal Procedure. See A.F. v. State, 718 So.2d 260 (Fla. 1st DCA 1998). D.R. filed a motion to arrest judgment under Florida Rule of Criminal Procedure 3.610. Although this rule does not exist in the Rules of Juvenile Procedure, a comparable rule providing for a rehearing can be found in Florida Rule of Juvenile Procedure 8.130.
Unlike Florida Rule of Criminal Procedure 3.590, which requires the motion for arrest of judgment to be filed "within 10 days after the rendition of the verdict or the finding of the court," Florida Rule of Juvenile Procedure 8.130(b)(1) requires a rehearing motion to be filed "within 10 days of the entry of the order being challenged." The juvenile rule further specifies that the "order being challenged" applies to an "order ruling on a pretrial motion, an order of adjudication, or an order withholding adjudication." Fla. R. Juv. P. 8.130(a).
In the instant case, the court entered an order withholding adjudication of delinquency after the motion for arrest of judgment was filed.[1] Consequently, if the trial court had treated the motion for arrest of judgment as a motion for rehearing, it should have addressed the merits of the motion. If the trial court had decided the two rules were not comparable, it still should have allowed D.R. to raise the issue. See K.O. v. State, 765 So.2d 901, 902 (Fla. 5th DCA 2000). Because the trial judge erred in dismissing the motion as untimely, D.R. may raise this argument for the first time on appeal. Id.
On the merits, this court has previously held that:
A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty. Jacobs v. State, 184 So.2d 711 (Fla. 1st DCA 1966).
[w]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.... The indictment or information may have alleged them in the *1245 conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of another.

Long v. State, 92 So.2d 259, 260 (Fla. 1957). See also O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997); Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995); Morton v. State, 548 So.2d 788 (Fla. 2d DCA 1989); Moore v. State, 496 So.2d 255 (Fla. 5th DCA 1986); c.f. Van Gotum v. State, 569 So.2d 773 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 1311 (Fla.1991).
Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999).
In Rallo v. State, 726 So.2d 839 (Fla. 2d DCA 1999), the defendant was charged and convicted of willfully placing his penis "into or in union with the anus" of a child, a lewd and lascivious act in the presence of a child. However, the proof at trial proved only that the defendant's hands touched the child's anus. The state contended that it proved a simulated sexual battery, which is an act included under the statute charged. The district court reversed, holding that:
"The proof at trial must substantially conform to the allegations of the indictment or information in order that the defendant not be prejudiced in the preparation of a defense or subject him to reprosecution for the same offense." See Ross v. State, 664 So.2d 1004, 1008 (Fla. 4th DCA 1995). See also Aaron v. State, 284 So.2d 673, 677 (Fla.1973) ("The right of persons accused of serious offenses to know, before trial, the specific nature and detail of crimes they are charged with committing is a basic right guaranteed by our Federal and State Constitutions.") Accordingly, since the evidence produced at trial was not sufficient to prove the charge alleged in count V of the information, we reverse Rallo's conviction of count V.
726 So.2d at 840.
Similarly, in the instant case, D.R. was charged with "a sexual act" by "placing his penis in or in union with [K.T.'s] vagina" in violation of section 800.04(7)(a), Florida Statutes. However, the judge had reasonable doubt that D.R.'s penis touched or penetrated K.T.'s vagina, and instead found him guilty of "approach[ing] [K.T.] in a lewd and lascivious manner." Thus, D.R. was not convicted of the crime charged.
The state contends that the phrase "placing his penis in or in union with [K.T.'s] vagina" is surplusage and therefore unnecessary. Both cases cited by the state, Ingleton v. State, 700 So.2d 735, 739 (Fla. 5th DCA 1997) and Huene v. State, 570 So.2d 1031 (Fla. 1st DCA 1990), stand for the proposition that "mere surplusage may be stricken from an indictment." However, this rule is not applicable to the instant case. In Ingleton, the defendant was indicted for murder by the grand jury. The indictment alleged that the defendant:
did then and there unlawfully kill a human being, WENDY PRIOR, by STRANGLING WENDY PRIOR, and said killing was perpetrated by said EDWARD ROBERT INGLETON from a premeditated design or intent to effect the death of said WENDY PRIOR.
700 So.2d at 737. Before trial, the state decided to change its theory of the case from strangulation to distributing a lethal dose of cocaine. Accordingly, it filed a motion to strike the phrase "by STRANGLING WENDY PRIOR" as surplusage. The motion was granted and upheld on prior appeal. The defendant was convicted and on the second appeal, this court upheld the conviction, reasoning that the particular manner of death was not an essential element of the crime charged and *1246 was therefore considered surplusage. The court also found that no prejudice to the defendant had been proved because the defendant was well aware before trial of the state's new theory. Id. at 739.
In the instant case, the phrase, "placing his penis in or in union with [K.T.'s] vagina," is not surplusage. Unlike murder, where the manner of killing is not an essential element of the offense, the manner or nature of an act is essential in a lewd and lascivious act case. In other words, the nature of the act is what determines if it is criminal or not. Moreover, the state chose to proceed on the theory of contact or penetration. If the state had tracked the statute and alleged alternatively, intentional exposure of genitals in a lewd or lascivious manner, or intentionally committing "any other sexual act," the proof would have conformed to the charge.
Additionally, the record reveals more than the "mere possibility that the defendant may have been misled or embarrassed in the preparation or presentation of his defense." See Warren v. State, 635 So.2d 122, 124 (Fla. 1st DCA 1994), quoting Sharp v. State, 328 So.2d 503 (Fla. 3d DCA 1976). If the state had alleged lewd exhibition of genitals, which is the crime for which D.R. was convicted, D.R. may have defended on the issue of whether the exposure was intentional and/or lewd and lascivious. Instead, the defense focusing on the inconsistencies in the alleged victim's testimony surrounding the issue of penetration and contact, which was apparently successful, given the court's finding of reasonable doubt. Therefore, we reverse the order withholding adjudication for lewd and lascivious exhibition and remand for entry of an order of acquittal. Because of our holding on this issue, we see no need to address the other issues raised.
REVERSED AND REMANDED FOR ENTRY OF AN ORDER OF ACQUITAL.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] The court rendered its verdict on August 30, 2000. D.R. filed to motion for arrest of judgment on September 12, 2000. The court entered the order withholding adjudication of delinquency on September 22, 2000.