692 So.2d 290 (1997)
Mark Anthony O'BRYAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1217.
District Court of Appeal of Florida, First District.
April 28, 1997.
Nancy A. Daniels, Public Defender; David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant raises two issues in this direct appeal. We affirm on the first issue without further discussion, but we reverse for new trial on the second issue.
Appellant was charged in a single count with lewd and lascivious assault in violation of section 800.04(1), Florida Statutes (1993), or knowingly committing a lewd or lascivious act in the presence of a child under sixteen years of age in violation of section 800.04(4). At trial, however, the court instructed the jury without objection on the alternatives of sections 800.04(1) and 800.04(2). The jury found him guilty as charged. Appellant contends that the court's instruction to the jury on a crime not charged is fundamental error. We agree.
*291 Although one of the crimes on which the court instructed conformed to the information, the court failed to instruct on the information's alternative offense and instead instructed on an uncharged offense. The jury's general verdict makes it impossible to determine of which offense appellant was found guilty. See Owens v. State, 593 So.2d 1113 (Fla. 1st DCA 1992). Because the court instructed the jury on a crime not charged, the resulting verdict is a nullity. Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995); Moore v. State, 496 So.2d 255, 256 (Fla. 5th DCA 1986)("A verdict which finds a person guilty of a crime with which the accused was not charged is a nullity."). Accordingly, the cause is remanded for new trial.
MINER, ALLEN and PADOVANO, JJ., concur.