730 So.2d 759 (1999)
Michael J. ZWICK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2114.
District Court of Appeal of Florida, Fifth District.
March 19, 1999.
*760 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Michael J. Zwick appeals his convictions for sexual battery on a child under 12, three counts of lewd or indecent assault on a child, and one count of attempted lewd or indecent assault on a child. We affirm the sexual battery conviction because the asserted error with regard to this conviction was either harmless or not preserved. We reverse the convictions for lewd or indecent assault.
As to counts two and five, the state charged that Zwick:
did then and there commit DEVIANT SEXUAL INTERCOURSE, MASTURBATION upon a child, [THE VICTIM] who was then under the age of sixteen (16) years by RUBBING HIS PENIS ON [THE VICTIM'S] BUTTOCKS contrary to section 800.04(2).
More expansively, the jury was charged as follows:
Before you can find the Defendant guilty of lewd, lascivious or indecent act upon a child, the State must prove the following elements beyond a reasonable doubt:
Number one, [the victim] was under the age of sixteen years;
Number two, Michael James Zwick committed upon [the victim] actual or simulated sexual intercourse, masturbation, actual lewd exhibition of the genitals, or any act or conduct which simulated that sexual battery was being or would be committed on [the victim].
Counts three and four alleged that Zwick:
did then and there force or entice a child, [THE VICTIM] who was then under the age of sixteen (16) years, to commit MASTURBATION by MAKING [THE VICTIM] TOUCH, RUB HIS PENIS, MASTURBATE HIM contrary to section 800.04(2).
The jury instruction was more expansive: Before you can find the Defendant guilty of forcing or enticing a child to commit a lewd, lascivious or indecent act, the State must prove. beyond a reasonable doubt: Number one, [the victim] was under the age of sixteen years;
Number two, Michael James Zwick committed upon [the victim] or forced or enticed [the victim] to commit masturbation or actual lewd exhibition of genitals.
A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty. Jacobs v. State, 184 So.2d 711 (Fla. 1st DCA 1966).
[w]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.... The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of another.
Long v. State, 92 So.2d 259, 260 (Fla.1957). See also O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997); Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995); Morton v. State, 548 So.2d 788 (Fla. 2d DCA 1989); Moore v. State, 496 So.2d 255 (Fla. 5th DCA 1986); c.f. Van Gotum v. State, 569 So.2d 773 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 1311 (Fla.1991). Because the general verdict in the instant case makes it impossible to determine whether the jury found Zwick guilty of uncharged acts, we must reverse the convictions for counts two through five of the information.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH and HARRIS, JJ., concur.