744 So.2d 542 (1999)
Jordan HENDRICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-514.
District Court of Appeal of Florida, First District.
October 20, 1999.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
This is a timely appeal from a conviction and sentence for battery on a law enforcement officer, resisting arrest without violence, and possession of cocaine. Appellant asserts that the trial court erred in instructing the jury on both alternative methods of committing battery on a law enforcement officer where only one alternative was charged in the information. We agree. See O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997) (holding that it was error to instruct on theory of violation of section 800.04, Florida Statutes, which had not been charged in information); see also Fuentes v. State, 730 So.2d 366 (Fla. 4th DCA 1999) (holding that it was error to instruct jury on theory of committing aggravated assault, which had not been charged in the information).
Battery on a law enforcement officer can be committed in two ways. A defendant can commit a battery on a law enforcement officer either by actually and intentionally touching or striking the officer against the officer's will, or by intentionally causing bodily harm to the officer. See §§ 784.03(1)(a) & 784.07(2)(b), Fla. Stat. (1997). In this case, appellant was charged with having committed battery on a law enforcement officer by actually and intentionally touching or striking Officer Hall against Officer Hall's will. Appellant was not charged with having committed battery on a law enforcement officer by intentionally causing bodily harm to Officer Hall; thus, it was error for the trial court to instruct the jury on this alternative.
Appellant's conviction and sentence for battery on a law enforcement officer is *543 reversed, and the case is remanded for a new trial on that charge. Appellant's convictions and sentences for resisting arrest without violence and possession of cocaine are affirmed.
JOANOS, WOLF and BENTON, JJ., concur.