823 So.2d 792 (2001)
John DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3197.
District Court of Appeal of Florida, Second District.
November 9, 2001.
Rehearing Denied March 1, 2002.
*793 James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
John Dixon challenges his convictions of two counts of battery on a law enforcement officer, two counts of obstructing a law enforcement officer with violence, one count of attempted aggravated battery on a law enforcement officer, one count of depriving a police officer of his weapon, and one count of depriving a police officer of his means to summons assistance. All of these charges arose from Dixon's attempt to avoid capture by police officers. We reverse in part and affirm in part.
Responding to an early morning alarm, officers discovered that two adjoining businesses had been burglarized. The first officer to arrive noticed Dixon on a bicycle nearby and attempted to detain him. Dixon began to flee, and the officer followed. When the officer caught up with Dixon, a struggle ensued. During this encounter, Dixon (1) struck the officer; (2) wrestled with the officer over the officer's gun; (3) prevented the officer from calling for help over his radio; (4) took the officer's pepper spray from the officer's belt and sprayed the officer in the face; and (5) threatened to shoot the officer with his own service revolver.
When the second officer arrived on the scene with his canine, Dixon again began to flee, running through streets and yards. The canine officer deployed his dog, who tracked Dixon into a retention pond. A third officer arrived and entered the pond from the other side. As this third officer reached Dixon, another struggle ensued. It was not until a fourth officer arrived that the officers were able to subdue and handcuff Dixon.
Dixon argues that, based on these events, the trial court erred in adjudicating him guilty of two counts of resisting an officer with violence. He maintains that this was one continuous episode of obstruction under section 843.01, Florida Statutes (1999). We agree. Pursuant to Wallace v. State, 724 So.2d 1176, 1181 (Fla.1998), it is apparent that Dixon committed one "continuous resistance to an ongoing attempt to effect his arrest," which constitutes one single episode of obstruction.
In Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001), the Fifth District established the following three-part test for determining whether multiple offenses form a single episode: "1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents." Here, although there were separate victims and separate locations, there was no temporal break between the incidents. The officers never stopped trying to capture Dixon, and Dixon never stopped trying to avoid capture. During the sequence of events, Dixon was never subdued. His resistance was continuous. Under these facts, the trial court erred in adjudicating Dixon guilty of two counts of resisting with violence. Accordingly, we reverse one conviction of *794 resisting a law enforcement officer with violence.
Next, Dixon argues that the trial court erred in adjudicating and sentencing him for both attempted aggravated battery and simple battery on the same officer. There is no merit in this argument, however, because the attempted aggravated battery conviction was a lesser included offense of attempted first-degree murder and was based on Dixon's use of a deadly weapon. The simple battery charge did not allege the use of a deadly weapon. Furthermore, these convictions resulted from different acts. In the first, Dixon threatened to shoot the first officer with his service revolver; in the second, Dixon punched the officer in the face. This was not simply a case of multiple blows; this involved different offenses and different elements of proof. Accordingly, we affirm the convictions for attempted aggravated battery and battery on the same officer.
However, Dixon also argues, and the State concedes, that the trial court erred in enhancing the attempted aggravated battery from a third-degree felony to a second-degree felony. The law enforcement enhancement prescribed by section 784.07(2), Florida Statutes (1999), does not apply to attempted aggravated battery because the statute does not include attempted aggravated battery as one of the enumerated offenses to which reclassification applies. We therefore vacate the enhancement and reverse the fifteen-year sentence and direct the trial court to resentence Dixon on the attempted aggravated battery conviction.
Finally, we find fundamental, reversible error in the jury instructions regarding the two charges of battery on a law enforcement officer. Dixon was charged with battery on two separate officers. Each count of the information alleged that Dixon intentionally touched or struck a named officer. At trial, the jury was instructed that it could convict Dixon if he either intentionally touched or struck the officer or caused him bodily harm. The jury's verdict on each charge was a general one, finding Dixon guilty of battery on a law enforcement officer without specifying the basis for the convictions.
Pursuant to Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999), a defendant is entitled to have the jury instructed on the offense with which he is charged. Here, the jury was improperly instructed on the bodily harm form of battery although Dixon was not charged with that form of battery. See Hendricks v. State, 744 So.2d 542 (Fla. 1st DCA 1999). This error is fundamental because the jury's general verdict makes it impossible to know whether Dixon was convicted of the offense with which he was charged, i.e., intentional touching battery, or an offense with which he was not charged, i.e., bodily harm battery. See O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997). Accordingly, we reverse Dixon's convictions for two counts of battery on a law enforcement officer and remand for a new trial on these charges.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and SALCINES, J., Concur.