THOMPSON, C.J.
George C. Johns appeals his conviction for attempted sexual battery on a child by a person in familial or custodial authority.
Johns was charged in count one with lewd assault on a child by touching the victim’s penis. In counts two and three, he was charged with sexual battery on a child by a person in familial or custodial authority, in violation of section 794.01(8)(b). “ ‘Sexual battery’ means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object ....” § 794.011(l)(h). Counts two and three alleged that Johns committed the crimes, “to wit: by placing [the victim’s] penis into his mouth.” Johns was convicted as charged on count one, *636 and of the attempt on counts two and three. Johns does not challenge his convictions on count one and count two, but contends that the evidence did not support a conviction for the act alleged in count three. We affirm because the transcript supports the trial court’s conclusion that there had been testimony regarding two sexual batteries, and because any difference between the act charged and the act proved was immaterial.
The victim and Johns knew each other through the Little League, where Johns was at times either a coach or president. The victim began living with Johns because the victim was having problems at home. According to the victim, “papers” were signed which allowed the victim to live with Johns. The original complaint was lodged by the mother of one of two similar fact witnesses. This similar fact witness testified that he knew Johns through the Little League. After the second occasion on which Johns grabbed the witness’s crotch, the witness told his mother. The mother’s report caused police to question the victim, who was removed from Johns’s custody shortly thereafter. The other similar fact witness testified that he first met Johns when Johns chaperoned a school trip. Sexual activity occurred between the witness and Johns at a later encounter, and further activity occurred after this witness joined the Little League. Johns told police that he had sexual contact with the victim involved in this case on about twenty or twenty-five occasions. He admitted that on some occasions, he would pretend to kiss the victim’s penis and then pull away, but that his mouth may have touched the victim’s penis once or twice.
The state alleged that Johns committed the sexual battery alleged in count two in October, and the sexual battery alleged in count three in November. Johns contends that his motion for judgment of acquittal on count three should have been granted because there was no evidence that he attempted the act charged in the information: “placing [the victim’s] penis into his mouth.” Instead, Johns contends that the only evidence was that Johns attempted to kiss the victim’s penis. Although either act would have been an attempted sexual battery, Johns contends that his conviction must be reversed because the particular act charged was not proven.
Johns cites the victim’s testimony in relation to count two. The prosecutor asked if Johns had tried to kiss the victim’s penis or put his mouth on it during the week before Thanksgiving, and the victim responded:
He’d like-he would pull my penis out and him [sic] go down there and try to kiss it and then I jerked away again and he got mad.
At that point in his testimony, the victim did not testify that Johns tried to put the victim’s penis in his mouth. Earlier, however, the prosecutor asked if, after September, Johns did anything other than hold his penis. The victim responded:
He would put it up to his mouth and rub his mustache against to [sic] it. He would like to try to kiss it. And then at certain points he would try to put it in his mouth.
The victim testified that he felt Johns’s lips touching his penis, that “[h]e done that like a couple times,” and that the first time he did it was in late September or October. After digressions in the victim’s testimony, the prosecutor returned to the topic and established through the victim that the second instance occurred around Thanksgiving. Although at that point the victim did not state that Johns tried to put the penis in his mouth, the victim’s earlier statement supports a finding that in November, the time frame alleged in count *637 three, Johns tried to put the victim’s penis in his mouth.
Furthermore, we would affirm even in the absence of the more specific testimony. Based on cases such as Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999), Johns contends that his conviction on count three must be reversed because the act alleged was not the act proven. In Zwick, we reversed a conviction where the information alleged that the defendant rubbed his penis on the victim’s buttocks, but where the jury had been charged that it could find the defendant guilty if it found that the defendant “committed upon [the victim] actual or simulated sexual intercourse, masturbation, actual lewd exhibition of the genitals, or any act or conduct which simulated that sexual battery was being or would be committed on [the victim].” We reversed in Zwick because the general verdict made it impossible to determine whether the jury found the defendant guilty of uncharged acts. See also Long v. State, 92 So.2d 259 (Fla.1957) (“where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged.... The information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of another”); Rodriguez v. State, 694 So.2d 96 (Fla. 3d DCA 1997) (conviction reversed where the information charged boating while intoxicated, but where the jury was instructed that it should find the defendant guilty if it found the defendant had boated either while “intoxicated” or while “impaired,” the former term being stronger than the latter); D.R. v. State, 790 So.2d 1242 (Fla. 5th DCA 2001) (reversing conviction where juvenile was charged with placing his penis in union with the victim’s vagina, but where the trial court, doubting that the juvenile had actually touched the victim, found the juvenile guilty of lewd exhibition).
In Zwick and similar cases, however, there were substantial differences between the acts alleged and the variety of acts upon which the convictions could have been or were based. In contrast, in the instant case, there is no material difference between the two acts. That is to say, whether Johns attempted to place the victim’s penis in his mouth or on his mouth is no more than an issue of semantics.
AFFIRMED.
SAWAYA and ORFINGER, JJ., concur.