900 So.2d 572 (2004)
Geronimo VEGA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5024.
District Court of Appeal of Florida, Second District.
September 17, 2004.
Rehearing Denied May 9, 2005.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
*573 Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Geronimo Vega was adjudicated guilty and sentenced, following a jury trial, for battery on a law enforcement officer and resisting arrest with violence. Because the jury instructions given on the offense of battery on a law enforcement officer constitute fundamental, reversible error, as conceded by the State, we reverse Vega's conviction and sentence for battery on a law enforcement officer and remand for a new trial on that charge. We affirm without comment as to the resisting arrest with violence charge.
Battery on a law enforcement officer can be committed either by "actually or intentionally touching or striking the officer against the officer's will, or by intentionally causing bodily harm to the officer." Hendricks v. State, 744 So.2d 542, 542 (Fla. 1st DCA 1999); see §§ 784.03(1)(a), .07(2)(b), Fla. Stat. (2001). A defendant is entitled to have the jury instructed on the offense with which he is charged. Dixon v. State, 823 So.2d 792, 794 (Fla. 2d DCA 2001) (citing Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999)), review dismissed, 819 So.2d 134 (Fla.2002).
The information in this case charged Vega with only one form of battery on a law enforcement officer, stating that Vega "did knowingly, unlawfully, and intentionally touch or strike" a law enforcement officer. However, the trial court instructed the jury, without defense objection, to convict if the State proved Vega "intentionally touched or struck [the officer] against his will or caused bodily harm to [the officer]." Because Vega was not charged with committing battery on a law enforcement officer by intentionally causing bodily harm, it was error for the trial court to instruct the jury on this alternative.
As the State rightly concedes, this error is fundamental because the jury returned a general verdict of guilt without specifying the basis for the conviction, making it impossible to know whether Vega was convicted of the form of battery with which he was charged rather than the form with which he was not charged. See id. Accordingly, we reverse Vega's conviction and sentence for battery on a law enforcement officer and remand for a new trial on that charge. We affirm Vega's conviction and sentence on the resisting arrest with violence charge.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, J., Concurs.
ALTENBERND, C.J., Concurs with opinion.
ALTENBERND, Chief Judge, Concurring.
I agree that the trial court committed fundamental error in this case according to our holding in Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001). I question, however, whether giving this erroneous jury instruction was fundamental error in the context of this case, or whether Dixon contains a description of fundamental error that is still accurate.
Admittedly, the information did not charge Mr. Vega with battery on a law enforcement officer by intentionally causing bodily harm, and the instructions gave the jury this alternative path to a conviction. In this case, however, it was undisputed that Mr. Vega merely pushed the officer several times. There was no testimony or argument suggesting that the officer received any bodily injury.
*574 Moreover, at the outset of closing arguments, the assistant state attorney read the elements of the offense to the jury. She stated:
One, Geronimo Vega intentionally touched or struck [the officer] against his will, against the will of [the officer]; or caused bodily harm to [the officer]. The State is not asserting, and you have heard no evidence that [the officer] was injured or there was bodily harm done to [the officer], but there's an "or" here. Intentionally touched or struck.
It seems to me that the explanation of the assistant state attorney cured any error in these instructions, at least to the point of avoiding the doctrine of fundamental error. If I had the option, I would be willing to rule that the giving of this jury instruction was harmless beyond a reasonable doubt in the context of this case. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). In light of recent cases, I am inclined to believe that most, if not all, errors that are harmless beyond a reasonable doubt in their context should not be treated as fundamental errors. See Glover v. State, 863 So.2d 236 (Fla.2003) (affirming conviction because failure to instruct jury that defendant's age was an element of the offense was harmless).
In Reed v. State, 837 So.2d 366 (Fla. 2002), the supreme court receded from State v. Clark, 614 So.2d 453 (Fla.1992), and stated:
Furthermore, we take this occasion to clarify that fundamental error is not subject to harmless error review. By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental. Again, we refer to what we said in Delva, 575 So.2d at 644-45:
Instructions . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).
Thus, for error to meet this standard, it must follow that the error prejudiced the defendant. Therefore, all fundamental error is harmful error.
Id. at 369-70 (footnote omitted). If all fundamental error must be harmful and this error was harmless beyond a reasonable doubt, then it seems to me that this error was not fundamental and we should affirm all judgments and sentences in this case.