916 So.2d 895 (2005)
Gregory Carnell WEAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1006.
District Court of Appeal of Florida, Second District.
November 16, 2005.
Rehearing Denied January 5, 2006.
James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Gregory Carnell Weaver appeals a judgment for battery on a law enforcement officer, arguing that the trial court committed fundamental error by instructing the jury that it could convict him of battery by causing bodily harm or by intentional touching, when the information alleged *896 only an intentional touching. This case is controlled by this court's prior opinion in Vega v. State, 900 So.2d 572, 573 (Fla. 2d DCA 2004) (citing Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001)), and we therefore reverse the conviction and remand for a new trial. However, because there is some question whether our precedent is consistent with the Criminal Appeal Reform Act, see § 924.051, Fla. Stat. (2003), and the Florida Supreme Court's interpretation of that Act, see, e.g., Reed v. State, 837 So.2d 366 (Fla.2002), we certify a question of great public importance to the Florida Supreme Court.
Gregory Weaver was charged with battery on a law enforcement officer. According to the information, Gregory Weaver "knowingly, unlawfully, and intentionally touch[ed] or [struck]" a law enforcement officer against that officer's will. See §§ 784.03(1)(a)(1), .07(1)(a), Fla. Stat. (2003). The same information alleged that Gregory Weaver's brother, Thomas Weaver, committed a similar battery against a second law enforcement officer during the same incident and obstructed the second officer with violence. The brothers were tried together.[1]
The charges arose out of an incident at an apartment complex where Gregory resided. Gregory had enlisted the aid of his family to assist him in moving his belongings out of the apartment. During the move, a dispute arose and a crowd began to gather. A security guard at the apartment complex became concerned with the tenor of the gathering crowd and called the Hillsborough County Sheriff's Office.
One deputy responded to the call and sought to diffuse the crowd. This deputy approached Thomas Weaver and asked him to step back. When Thomas did not comply, the deputy reached to grab the back of Thomas's shirt. The officer testified that Thomas threw coffee on him and the two began to scuffle until the officer was able to handcuff Thomas.
A second deputy arrived during this scuffle and sought to clear people away from it. This deputy told Gregory Weaver to back away, and when Gregory did not do so, the deputy attempted to push Gregory back. According to this deputy, Gregory responded by shoving him twice.
Thomas presented testimony that the first deputy grabbed him from behind without provocation and that Thomas's coffee spilled on the deputy by accident. Thomas argued that the ensuing struggle was not an intentional battery on his part. Gregory presented witnesses who testified that Gregory was not involved in the altercation whatsoever and was simply arrested without having touched the second deputy. There was no evidence that either deputy suffered any bodily harm from the actions of Thomas or Gregory Weaver.
Although the information alleged that Gregory Weaver committed a battery by intentionally touching the second deputy and the only evidence presented at trial related to intentional touching, the trial judge instructed the jury, without objection, that in order to prove the crime of battery on a law enforcement officer, the State had to prove beyond a reasonable doubt that "Gregory Carnell Weaver intentionally touched or struck [the officer] against his will or caused bodily harm to [the officer]." (Emphasis added.) On appeal, Gregory Weaver asserts that this was fundamental error. His argument is supported by this court's decisions in Dixon, 823 So.2d 792, and Vega, 900 So.2d 572. In both cases, this court held that it was fundamental error to instruct the jury on the two alternate forms of committing a *897 battery on a law enforcement officer when the information charged the defendant with only one form of the crime and the jury returned a general verdict making it impossible to determine the form the jury used to support the conviction.
Dixon and Vega relied upon two specific cases, Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999), and O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997). Zwick and O'Bryan both involved convictions for lewd and lascivious acts when the information alleged one form of lewd and lascivious act but the jury instructions would have permitted a conviction for an uncharged form of lewd and lascivious act. Both Zwick and O'Bryan are grounded on the general principal that it is a deprivation of due process, and a fundamental error, to convict a defendant of a crime with which they have not been charged. See, e.g., State v. Gray, 435 So.2d 816, 818 (Fla.1983). We note that in both Zwick and O'Bryan there was no discussion of the evidence presented at trial and whether that evidence might have supported a conviction for an uncharged form of lewd and lascivious act.
In this case, however, the evidence at trial was directed solely to the "intentional touching" form of battery. There was no evidence or argument that the officer suffered bodily harm. It is thus improbable, to say the least, that the jury convicted Gregory Weaver based solely upon the alternative provided in the jury instruction without any evidence to support that alternative.
The Florida Supreme Court has consistently held that issues pertaining to jury instructions are not preserved for appellate review unless a specific objection has been voiced at trial or the instruction is considered to be fundamental error. See, e.g., Battle v. State, 911 So.2d 85 (Fla. 2005); Globe v. State, 877 So.2d 663, 677 (Fla.2004); Cardenas v. State, 867 So.2d 384, 390-91 (Fla.2004); State v. Delva, 575 So.2d 643, 644 (Fla.1991). The supreme court has defined "fundamental error" as the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. See Battle, 911 So.2d at 89; Cardenas, 867 So.2d at 390. Thus, the supreme court has held that a jury instruction that omits or misstates a necessary element of an offense is fundamental error if the existence of that element was a matter of dispute at trial, see Reed v. State, 837 So.2d 366 (Fla.2002), but is not fundamental error if the existence of that element was not a matter of dispute at trial, see Delva, 575 So.2d 643. Cf. Cardenas, 867 So.2d at 392 (stating that an instruction on a theory that is "surplusage, or whose redundancy makes it a `moot concern'" is not fundamental error because it cannot be pertinent or material to what the jury must consider to convict).
The application of the doctrine of fundamental error to correct unpreserved trial errors has become more restricted since the enactment of the Criminal Appeal Reform Act of 1996 as codified in section 924.051, Florida Statutes (2003). In section 924.051(8), the Florida Legislature specifically expressed its intent that "all terms and conditions of direct appeal and collateral review be strictly enforced, including the application of procedural bars, to ensure that all claims of error are raised and resolved at the first opportunity." The Florida Supreme Court has acknowledged that legislative intent and has attempted to abide by those principles. See, e.g., Maddox v. State, 760 So.2d 89, 95-96 (Fla.2000); Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996).
In Reed v. State, 837 So.2d 366 (Fla. 2002), decided after our opinion in Dixon, *898 823 So.2d 792, but before our opinion in Vega, 900 So.2d 572, the Florida Supreme Court explained:
[W]e take this occasion to clarify that fundamental error is not subject to harmless error review. By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental. Again, we refer to what we said in Delva, 575 So.2d at 644-45:
Instructions . . . are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).
Thus, for error to meet this standard, it must follow that the error prejudiced the defendant. Therefore, all fundamental error is harmful error.
837 So.2d at 369-70 (footnote omitted).
This author has previously suggested that the language in Reed, 837 So.2d at 369-70, is not intended to convert any error labeled as "fundamental" into per se error, but rather to explain that the nature of fundamental error must be evaluated based upon the record, and the record must demonstrate the harm before the error can be considered fundamental. Sampson v. State, 903 So.2d 1055, 1059 (Fla. 2d DCA 2005) (Altenbernd, C.J., concurring). If that is correct, the error in this case might be considered harmless and, as a result, not fundamental.
In this case, the extraneous portion of the jury instruction that related to "bodily harm" was not material to the relevant evidence the jury had to consider in order to convict. The jury heard evidence that Gregory Weaver touched or struck a deputy sheriff. The closing arguments centered on whether this touching or striking was intentional. There was no evidence or argument that the deputy suffered bodily harm. There is nothing in the record to suggest the jury was confused by the instruction or that the jurors may have based their verdict on some improper consideration. Certainly this error does not appear to be one that reaches down to the validity of the trial itself. Under a traditional harmless error analysis, we would conclude beyond a reasonable doubt that the error did not affect the verdict.
We are constrained, however, by this court's precedents in Dixon and Vega, and therefore reverse Gregory Weaver's conviction for battery on a law enforcement officer and remand for a new trial. However, we question whether the Florida Supreme Court's recent pronouncements regarding the nature of fundamental error, particularly in light of the enactment of the Criminal Appeal Reform Act of 1996, call into question the rule of law that we follow in this case. We therefore certify the following question of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR WHEN IT INSTRUCTS A JURY REGARDING BOTH "BODILY HARM" BATTERY ON A LAW ENFORCEMENT OFFICER AND "INTENTIONAL TOUCHING" *899 BATTERY ON A LAW ENFORCEMENT OFFICER WHEN THE INFORMATION CHARGED ONLY ONE FORM OF THE CRIME AND NO EVIDENCE WAS PRESENTED NOR ARGUMENT MADE REGARDING THE ALTERNATE FORM?
Reversed and remanded; question certified.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Thomas Weaver's appeal to this court remains pending in case number 2D04-1003.