926 So.2d 397 (2006)
Thomas E. WEAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1003.
District Court of Appeal of Florida, Second District.
February 1, 2006.
Rehearing Denied May 2, 2006.
*398 James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Thomas E. Weaver appeals his conviction for battery on a law enforcement officer. Weaver asserts that the instruction to the jury for the battery charge was fundamentally defective. This case is controlled by this court's opinion reversing the conviction of Gregory Weaver in Weaver v. State, 916 So.2d 895 (Fla. 2d DCA 2005), as well as Vega v. State, 900 So.2d 572, 573 (Fla. 2d DCA 2004). We affirm in part and reverse in part.
Thomas Weaver and Gregory Weaver are brothers. The two men were each charged with battery of a law enforcement officer and were tried together.[1] The charges against the brothers arose out of an incident at an apartment complex where Gregory resided. Thomas Weaver and other family members were assisting Gregory in moving his belongings out of the apartment when a dispute arose. A crowd began to gather, and the Hillsborough County Sheriff's Office was called. One deputy who responded to the call testified that he told the crowd of fifteen to twenty people to disburse. The crowd did not comply.
The deputy approached Thomas Weaver and asked if he was a resident. Weaver responded that he was not but that his brother lived in the complex. The deputy instructed Weaver to leave or to go stand beside a vehicle approximately ten feet away. Weaver did not obey the instruction but instead started walking toward his brother's apartment. The deputy quickly followed Weaver and grabbed the back of his shirt. The deputy testified that Weaver spun around and, in the process, "hot" coffee that Weaver was holding in his right hand was thrown over his left shoulder into the deputy's face. The deputy grabbed Weaver in a bear hug and attempted to control him. According to the deputy, Weaver was not cooperating and a struggle ensued with Weaver throwing back his elbows and kicking. Weaver was eventually handcuffed and taken into custody. The officer did not testify that he was injured during the incident.
Thomas Weaver testified that when the officer grabbed him from behind he thought he and the officer were going to collide with a pole. He stated that he turned, his legs gave out, he fell to the ground, and the coffee he was holding accidentally spilled on the officer. Weaver testified that the "coffee was never hot," and he did not resist the officer.
In closing argument, the State declared that Thomas Weaver had committed a battery *399 by throwing coffee on the deputy and by hitting the deputy with his elbows and legs as they were struggling. The State did not argue that the deputy had been injured but focused on the evidence of intentional touching by Weaver.
The jury was instructed, without objection, that to prove the crime of battery on a law enforcement officer, the State had to demonstrate that Thomas Weaver intentionally touched or struck the deputy against his will or caused bodily harm to the deputy. The jury returned a general verdict of guilty to the charge without specifying which form of the offense had been proven.
Thomas Weaver correctly asserts that fundamental error occurred when the jury was instructed on the uncharged bodily harm form of battery. The information charged, in pertinent part, only that Thomas Weaver did knowingly, unlawfully, and intentionally touch or strike a law enforcement officer. See §§ 784.03(1)(a)(1), 784.07(1)(a), Fla. Stat. (2003).[2] In Weaver; Vega, 900 So.2d at 573; and Dixon v. State, 823 So.2d 792, 794 (Fla. 2d DCA 2001), this court held that it was fundamental error to instruct the jury on the two alternate forms of committing a battery on a law enforcement officer when the information charged the defendant with only one form of the crime and the jury returned a general verdict.
Accordingly, we reverse Thomas Weaver's conviction for battery on a law enforcement officer and remand for a new trial. The judgment and sentence for obstructing or opposing an officer with violence are affirmed.
For the reasons set forth in Weaver, we certify the following question of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR WHEN IT INSTRUCTS A JURY REGARDING BOTH "BODILY HARM" BATTERY ON A LAW ENFORCEMENT OFFICER AND "INTENTIONAL TOUCHING" BATTERY ON A LAW ENFORCEMENT OFFICER WHEN THE INFORMATION CHARGED ONLY ONE FORM OF THE CRIME AND NO EVIDENCE WAS PRESENTED NOR ARGUMENT MADE REGARDING THE ALTERNATE FORM?
Affirmed in part, reversed in part, and remanded for further proceedings; question certified.
FULMER, C.J., and CANADY, J., Concur.
NOTES
[1] Thomas Weaver was also convicted of obstructing or opposing an officer with violence. He does not raise an appellate issue concerning his conviction for this offense, and we affirm that judgment and sentence without further discussion.
[2] The same information charged that Gregory Weaver had committed a similar battery against a second law enforcement officer. See Weaver.