957 So.2d 586 (2007)
STATE of Florida, Petitioner,
v.
Gregory Carnell WEAVER, Respondent.
No. SC06-258.
Supreme Court of Florida.
May 10, 2007.
Bill McCollum, Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief, Tampa Criminal Appeals, Cerese Crawford Taylor and Dale E. Tarpley, Assistant Attorneys General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, John C. Fisher and Lisa Lott, Assistant Public Defenders, Tenth Judicial Circuit, Bartow, FL, for Respondent.
CANTERO, J.
In this case, we consider whether an erroneous jury instruction concerning the crime of battery constituted fundamental error. The defendant was charged with *587 battery on a law enforcement officer. Battery can be committed either by intentionally touching or striking another or by causing bodily harm to another. The information charged the defendant only with intentionally touching or striking a law enforcement officer, and at trial the State presented evidence only on that form of battery. The trial court, however, instructed the jury on both forms. On appeal, the district court held that the instruction constituted fundamental error, but certified to us the following question as one of great public importance: "Does a trial court commit fundamental error when it instructs a jury regarding both `bodily harm' battery on a law enforcement officer and `intentional touching' battery on a law enforcement officer when the information charged only one form of the crime and no evidence was presented nor argument made regarding the alternative form?" Weaver v. State, 916 So.2d 895, 898-99 (Fla. 2d DCA 2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we answer "no" to the certified question and therefore quash the district court's decision.

I. FACTS AND PROCEDURAL HISTORY
The charges against the respondent, Gregory Carnell Weaver, arose from an incident at an apartment complex where Weaver lived. As Weaver was removing furniture and personal items from the apartment he shared with his girlfriend, a dispute began between the girlfriend and Weaver's sister. A crowd of onlookers soon congregated. Concerned security guards called the Hillsborough County Sheriff's Office. Upon arriving, the officers tried to extricate Weaver and his brother from the crowd. Weaver refused to comply, prompting an officer to push him away. Weaver twice shoved the officer in the chest. He was arrested and charged with battery on a law enforcement officer (BOLEO) under section 784.07, Florida Statutes (2005). Weaver, 916 So.2d at 896.
Section 784.07, Florida Statutes, makes it a felony to commit BOLEO. A battery is defined in section 784.03(1)(a), Florida Statutes (2005). Under that section, a battery can be committed in one of two ways:
The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
Weaver was charged only under the first form: intentionally touching or striking a law enforcement officer. The State's information did not allege, and the State did not argue at trial, that Respondent caused a law enforcement officer bodily harm. Weaver, 916 So.2d at 896. Nor was any evidence of bodily harm presented. Id. Nevertheless, the trial judge instructed the jury, without objection, that it could find Weaver guilty of BOLEO if he "intentionally touched or struck [the officer] against his will or caused bodily harm to [the officer]." Weaver, 916 So.2d at 896 (quoting trial court's instruction). The jury found Weaver guilty.
The Second District Court of Appeal reversed. The court applied its prior decisions in Vega v. State, 900 So.2d 572 (Fla. 2d DCA 2004), and Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001), both of which involved nearly identical circumstances, to hold that the trial court's erroneous instruction constituted fundamental error. In both Vega and Dixon the defendants were charged by information only with intentionally touching a law enforcement officer, the trial court erroneously instructed the juries on both the intentional *588 touching and bodily harm forms of BOLEO, and the Second District held that the instruction constituted fundamental error. In Weaver, however, the court expressed reluctance to follow those cases: "[W]e question whether the Florida Supreme Court's recent pronouncements [on] fundamental error . . . call into question the rule of law that we follow in this case." Weaver, 916 So.2d at 898. The district court also stated that "[u]nder a traditional harmless error analysis, we would conclude beyond a reasonable doubt that the [defective instruction] did not affect the verdict." Id. Nevertheless, the district court felt "constrained . . . by [its] precedents in Dixon and Vega." Id.

II. ANALYSIS
Jury instructions are "subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred." Reed v. State, 837 So.2d 366, 370 (Fla.2002) (quoting State v. Delva, 575 So.2d 643, 644 (Fla.1991)). Because Weaver did not object to the disputed instruction, a claim of error based on the instruction may only be reviewed on appeal if it constitutes fundamental error. Id.
In Delva, we articulated the proper standard for determining whether a defective jury instruction rises to the level of fundamental error:
To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
575 So.2d at 644-45 (citations omitted).
We reiterated this principle in Reed, where the trial court erroneously instructed the jury on a lower threshold of malice than required under the aggravated child abuse statute. See § 827.03(2), Fla. Stat. (1997). We noted that "[i]n Delva . . . [w]e expressly recognized a distinction regarding fundamental error between a disputed element of a crime and an element of a crime about which there is no dispute in the case." 837 So.2d at 369. We held that the defective instruction could only constitute fundamental error if the malice issue was disputed at trial: "[F]undamental error occurred in the present case if the inaccurately defined term `maliciously' was a disputed element in the trial of this case." Id. (emphasis added). We overturned the defendant's conviction because the record demonstrated that the malice element was disputed at trial, and therefore fundamental error occurred when the trial court instructed the jury using the erroneous definition for "maliciously." Id.; see also Battle v. State, 911 So.2d 85, 89 (2005) ("[L]ike Delva . . . the omission in this case was not fundamental error because the omitted element was not in dispute."); Garcia v. State, 901 So.2d 788, 794 (Fla.2005) ("When an essential element of a crime is in dispute at trial . . . the failure to instruct the jury on that element is fundamental error.").
Although Delva involved the trial court's omission from the jury instructions of an element of an offense that the defendant did not contest, we conclude that the same principle applies to the erroneous inclusion of an element that the State does not argue is present and about which it presents no evidence. As with the omission of an element of the offense that is not contested, *589 the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not "pertinent or material to what the jury must consider in order to convict." Delva, 575 So.2d at 645 (quoting Stewart v. State, 420 So.2d 862, 863 (Fla. 1982)). Therefore, such an error does not "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. at 644-45 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)).
In this case, the district court felt bound by its prior decisions in Vega, 900 So.2d 572, and Dixon, 823 So.2d 792, both of which held that it was fundamental error to instruct the jury on both forms of battery when the information alleged only one form. In Dixon, the court noted that a defendant is invariably "entitled to have the jury instructed on the offense with which he is charged." 823 So.2d at 794. The court stated that because "the jury was improperly instructed on the bodily harm form of battery although [the defendant] was not charged with that form of battery . . . it [was] impossible to know whether Dixon was convicted of the offense with which he was charged . . . or an offense with which he was not charged, i.e., bodily harm battery." Id. As a result, Dixon held that the trial court's defective jury instruction was "fundamental, reversible error." Id. The court, however, did not analyze exactly why the defective instruction constituted fundamental error. Nor did it apply the standard we articulated in Delva. The later case, Vega, relied on Dixon to arrive at the same outcome. In a concurring opinion, however, Judge Altenbernd, referring to our decisions in Reed and Delva, questioned "whether giving this erroneous jury instruction was fundamental error . . . or whether Dixon contains a description of fundamental error that is still accurate." Vega, 900 So.2d at 573 (Altenbernd, C.J., concurring). Judge Altenbernd's concerns were well-founded. Although, as the court noted in Dixon, 823 So.2d at 794, a defendant is certainly entitled to have the jury instructed on the offense with which he is charged, we disagree that when the jury is erroneously instructed on an element that was not charged, but on which the State never relied and on which it offered no evidence, it nevertheless is "impossible to know whether [the defendant] was convicted of the offense with which he was charged . . . or an offense with which he was not charged." 823 So.2d at 794. We are confident that in such cases, the jury's verdict is based not on elements that were never at issue, but on the elements on which the State actually presented evidence, on which the State based its arguments, and which the defendant contested at trial.

CONCLUSION
Because bodily harm was never at issue in Weaver's case, and the State never argued or presented evidence of bodily harm, the trial court's inclusion of the bodily harm element in the jury instructions did not rise to the level of fundamental error. Accordingly, we answer "no" to the certified question and quash the district court's decision reversing Respondent's BOLEO conviction. We also disapprove Vega and Dixon to the extent they are inconsistent with this opinion. We remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.