959 So.2d 1232 (2007)
Jessie SANDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-3534.
District Court of Appeal of Florida, Second District.
June 22, 2007.
Jessie Sanders, pro se.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Respondent.
CANADY, Judge.
Jessie Sanders, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises two grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to the first ground and deny, without discussion, the second ground. In the first ground of the petition, Sanders contends that appellate counsel was ineffective in failing to argue that the trial court fundamentally erred when it instructed the jury on an *1233 uncharged alternative theory of the offense of aggravated battery of a law enforcement officer. Sanders contends that the jury instruction was fundamentally erroneous because the verdict was a general one, which made it impossible to determine whether Sanders was convicted under the uncharged theory of the offense or the charged theory. We agree with Sanders' contention, and we reverse Sanders' conviction, vacate his sentence, and direct that he be retried.
Sanders was convicted, after jury trial, of aggravated battery on a law enforcement officer. This court affirmed the judgment and sentence. Sanders v. State, 922 So.2d 209 (Fla. 2d DCA 2006) (table decision). The information alleged that Sanders
by use of a deadly weapon, to-wit: a cane, did intentionally or knowingly cause bodily harm to Deputy James Jones, a law enforcement officer of Pinellas County Sheriff's Office, while the said Deputy James Jones was engaged in the lawful performance of his duties, by striking Deputy James Jones with a cane; the said JESSIE L. SANDERS, JR. knowing Deputy James Jones to be a law enforcement officer. . . .
The jury was instructed as follows:
To prove the crime of aggravated battery on a law enforcement officer, the State must prove the following five elements beyond a reasonable doubt.
Element number one, Jessie Sanders intentionally touched or struck Deputy James Jones against Jones' will or intentionally caused bodily harm to Deputy Jones.
Element two, Jessie Sanders in committing the battery, intentionally or knowingly caused either great bodily harm to Jones, permanent disability to Jones, permanent disfigurement to Jones, or used a deadly weapon.
Sanders contends that because he was found guilty by general verdict, it was fundamental error to instruct the jury that the second element of aggravated battery on a law enforcement officer was satisfied if the State proved that in committing the battery, he intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement when the information charged only the "deadly weapon" theory of committing aggravated battery. Sanders is correct in his assertion that the information did not charge great bodily harm, permanent disability, or permanent disfigurement.
This court's decision in Vega v. State, 900 So.2d 572 (Fla. 2d DCA 2004), disapproved in part by State v. Weaver, 957 So.2d 586 (Fla.2007), was available to appellate counsel at the time of the direct appeal. This court in Vega held that it was fundamental error to instruct the jury on an uncharged theory of the offense of battery on a law enforcement officer where the verdict was a general verdict. Id. at 573. The Vega court stated: "[The] error is fundamental because the jury returned a general verdict of guilt without specifying the basis for the conviction, making it impossible to know whether Vega was convicted of the form of battery with which he was charged rather than the form with which he was not charged." Id. This court reached a similar result in Dixon v. State, 823 So.2d 792, 794 (Fla. 2d DCA 2001), disapproved in part by Weaver, 957 So.2d 586, wherein we reversed Dixon's convictions for battery on a law enforcement officer.
In Weaver v. State, 916 So.2d 895, 898 (Fla. 2d DCA 2005), quashed, 957 So.2d 586, this court reversed Weaver's conviction for battery on a law enforcement officer because the trial court fundamentally erred in instructing the jury on an uncharged alternate theory of the offense where, as in the present case, the verdict *1234 was a general one. The Weaver court certified a question asking if the jury instructions constituted fundamental error when no evidence was presented or argument made on the uncharged alternate theory of the offense. Id.
During our consideration of the present petition, the supreme court issued its opinion and quashed this court's decision reversing Weaver's conviction. 957 So.2d at 589. The supreme court also disapproved of Vega and Dixon to the extent that they were inconsistent with the holding of Weaver. Id. In Weaver, the jury was instructed, without objection, on both the "intentionally causing bodily harm" theory of battery and the "intentional touching or striking" theory of battery even though the information charged only intentional touching or striking. Id. at 587. The supreme court held: "Because bodily harm was never at issue in Weaver's case, and the State never argued or presented evidence of bodily harm, the trial court's inclusion of the bodily harm element in the jury instructions did not rise to the level of fundamental error." Id. at 589. The supreme court reasoned that where there was neither evidence of nor argument on the uncharged theory of the offense, it was not impossible to know whether the defendant was convicted of the charged theory of the offense or the uncharged theory. The court was confident in concluding that "in such cases, the jury's verdict is based not on elements that were never at issue, but on the elements on which the State actually presented evidence, on which the State based its arguments, and which the defendant contested at trial." Id. The supreme court left intact, however, the rule enunciated in Vega and Dixon that it is fundamental error to instruct the jury on an uncharged alternate theory of a particular offense when it is impossible to ascertain whether the jury convicted the defendant of the uncharged theory rather than the charged theory.
In the present case, Sanders was charged with the "deadly weapon" theory of aggravated battery but the jury was also instructed on the uncharged "great bodily harm, permanent disability, or permanent disfigurement" theory of aggravated battery. The trial testimony established that Sanders struck the victim with his walking stick. The victim bled profusely and was taken to the hospital for his wound to be stitched. In closing argument, the prosecutor advised the jury that a misdemeanor battery occurs in cases in which there is "no great bodily harm[,] like the stitches." Defense counsel argued to the jury that there was no evidence of great bodily injury. Thus, the State did present evidence from which the jury might have concluded that the uncharged alternate theory of the offense was proven, and there was argument on the uncharged alternate theory. Unlike the factual scenario outlined in Weaver, here it is impossible to know whether the jury convicted Sanders of the uncharged alternate theory of the offense, and the erroneous instruction constituted fundamental error.
We therefore conclude that appellate counsel was ineffective in failing to argue that the jury instruction on the second element of aggravated battery on a law enforcement officer was fundamental error. Because a new appeal would be redundant in this case, we reverse the conviction, vacate the sentence, and direct that Sanders be retried. See Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004) (citing Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986)).
Petition granted.
KELLY and WALLACE, JJ., Concur.