19 So.3d 347 (2009)
Aniceto JAIMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2482.
District Court of Appeal of Florida, Second District.
April 29, 2009.
*348 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In July 2004, Aniceto Jaimes was involved in a barroom brawl that resulted in charges against him for aggravated battery with a deadly weapon on two victims and simple battery on a third. At trial in January 2007, the jury returned the following verdicts: count one, guilty as charged of aggravated battery with a deadly weapon on Michael Proctor; count two, guilty as charged of simple battery on John Hornsby; and count three, guilty of aggravated battery by causing great bodily harm on Richard Miller. Mr. Jaimes now appeals, raising two issues. First, he claims that he was found guilty in count three of aggravated battery by causing great bodily harm on Mr. Miller when the information did not charge him with causing great bodily harm. Second, he claims that the circuit court erred in sentencing him to concurrent terms of twenty-five years' incarceration for the two counts of aggravated battery when the statutory maximum for this degree of crime is fifteen years. The State properly concedes error on the second issue, and we reverse his sentences for the two counts of aggravated battery. Although we recognize that it was error to convict Mr. Jaimes of aggravated battery by causing great bodily harm on Mr. Miller when that crime was not charged in the information, we affirm because defense counsel failed to preserve the issue for review on appeal. Defense counsel made no objection to the jury instructions or verdict form, and we conclude such error is not fundamental in Mr. Jaimes's circumstances. See State v. Weaver, 957 So.2d 586 (Fla.2007).
We write briefly to explain the sentencing error, despite the State's concession, hoping that in the future such errors will be avoided. On March 6, 2007, the circuit court sentenced Mr. Jaimes to concurrent terms of twenty-five years' incarceration for the two counts of aggravated battery. Aggravated battery is a second-degree felony punishable by up to fifteen years. See § 784.045, Fla. Stat. (2004). Thus the sentences are an upward departure from the statutory maximum. The *349 court explained at the sentencing hearing that this departure from the guidelines[1] was due to what the court believed was an escalating pattern of criminal behavior. Defense counsel filed a motion for resentencing, citing Florida Rule of Criminal Procedure 3.800(a), claiming that the court had neglected to put in writing its reasons for exceeding the statutory maximum. As grounds for this motion, counsel cited section 921.0016(3), Florida Statutes (2004), which was repealed effective October 1, 1998, by chapter 97-194, section 1, at 3674, Laws of Florida. Two days later, defense counsel filed a timely notice of appeal. On May 7, 2007, while the appeal was pending, the circuit court, citing the same repealed section mandating written reasons for departing from the guidelines, filed a "Sentencing Statement" explaining in writing its reasons for departing upward.
On April 15, 2008, appellate counsel filed an amended motion to correct sentencing error, this time citing rule 3.800(b), pointing out the clear error of sentencing Mr. Jaimes above the statutory maximum under the Criminal Punishment Code without sufficient justification.[2] The circuit court, recognizing its error, corrected the sentences to concurrent terms of fifteen years' incarceration, but it did so on July 18, 2008, well beyond the sixty-day time limit for ruling. Thus its correction is a nullity. See Pearce v. State, 968 So.2d 92 (Fla. 2d DCA 2007). Therefore, we must vacate the sentencing order filed on July 18, 2008.
Convictions affirmed, sentences on counts one and three reversed, and cause remanded for resentencing.
DAVIS and KELLY JJ., Concur.
CASANUEVA, J., Concurs with opinion.
CASANUEVA, Judge, Concurring.
I fully concur with the court's opinion. I write only to discuss the unpreserved issue that was raised in this appeal and its ramifications.

Facts
Mr. Jaimes was convicted following a jury trial of committing an aggravated battery on Richard Miller. The information charged the crime as follows:
Aniceto B. James, Sr. ... did unlawfully commit a battery upon Richard Miller, by actually and intentionally touching or striking said person, against said person's will, or by intentionally causing bodily harm to said person, and in committing said battery did use a deadly weapon, to-wit: wooden club or stick, contrary to Florida Statute 784.045.
Although section 784.045, Florida Statutes (2004), provides the offense of aggravated battery occurs when a defendant causes great bodily harm or uses a deadly weapon, the information here alleged only the use of a deadly weapon. However, the verdict form allowed the jury to chose between great bodily harm aggravated battery and deadly weapon aggravated-battery. *350 The jury instructions tracked the verdict form rather than the information. Mr. Jaimes, through counsel, failed to object to either the jury instructions or the jury verdict form. By their verdict, the jury found Mr. Jaimes guilty of aggravated battery by causing serious bodily harm. He was not found guilty of aggravated battery by using a deadly weapon, the crime charged by the information.

Analysis
To warrant relief, Mr. Jaimes must demonstrate that the unpreserved, unobjected-to jury instruction and verdict form are fundamental error; more specifically, that his conviction for the uncharged alternative theory of the offense of aggravated battery by great bodily harm constitutes fundamental error. "Instructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." State v. Delva, 575 So.2d 643, 644 (Fla.1991); see also State v. Weaver, 957 So.2d 586, 588 (Fla. 2007) (same); Reed v. State, 837 So.2d 366, 370 (Fla.2002) (same).
Following the rationale of Delva, Weaver, Reed, and this court's analysis in Sanders v. State, 959 So.2d 1232 (Fla. 2d DCA 2007), it is clear that instructing the jury that the State could prove aggravated battery in count three by proving "great bodily harm"where the State's information charged aggravated battery in that count only by the use of a deadly weaponwas error. However, this error was not fundamental. In these instances, "fundamental error occurs only in those trials where the uncharged theory included in the jury instruction was actually relied upon by the State and was contested by the defense." Jomolla v. State, 990 So.2d 1234, 1238 (Fla. 3d DCA 2008) (citing Weaver, 957 So.2d at 586).
Here, the record demonstrates that the State did not argue the "great bodily harm" theory to the jury for count three or introduce testimony concerning Mr. Miller's injuries for that purpose. Rather, the testimony showed and the State argued that Mr. Jaimes committed aggravated battery only by using the club as a deadly weapon.
A final unpreserved issue about count three merits comment. The jury's verdict indicates that it rejected the deadly weapon theory of aggravated battery on Mr. Miller and that Mr. Jaimes inflicted great bodily harm instead. The State's evidence established that Mr. Jaimes struck Mr. Miller twice on the head, first with his fist, after which Mr. Miller staggered but was able to exit the bar, where Mr. Jaimes then hit him on the head with the wooden club or bat. The second strike opened a gash on Mr. Miller's head which required stitches (staples) to close. Because the jury rejected the deadly weapon version, the remaining evidence on this count proved only a misdemeanor battery by the fist strike. Because the jury verdict on this count was not supported by the evidence, a postverdict motion for judgment of acquittal on this felony count pursuant to Florida Rule of Criminal Procedure 3.380 was in order, at least to reduce it to a misdemeanor battery offense. See State v. Shearod, 992 So.2d 900 (Fla. 2d DCA 2008). Our record does not disclose that defense counsel made such a motion, either at trial or afterwards.
In summary, three opportunities to avoid error were missed: first, to instruct the jury correctly on the proper charge that the State levied against Mr. Jaimes in count three; second, to present the jury with a proper verdict form for count three; and third, to correct the result of the first two after the fact.
NOTES
[1] We believe that the court merely misspoke when it announced that it was departing upward from the guidelines because the sentencing guidelines were repealed and rendered inapplicable to crimes committed after October 1, 1998, the effective date of the Criminal Punishment Code. See ch. 97-194, §§ 1-2, at 3674, Laws of Fla.
[2] In this amended motion, appellate counsel also cited as error the verdict and adjudication of guilt under count three for a crime not charged in the information. The circuit court did not address this claim in its subsequent order on the motion. We note that this procedure also did not preserve the conviction error for review on appeal because it is a type of error not cognizable in a motion filed pursuant to rule 3.800(b). See Jackson v. State, 983 So.2d 562 (Fla.2008); Griffin v. State, 946 So.2d 610 (Fla. 2d DCA 2007), quashed in part on other grounds, 980 So.2d 1035 (Fla. 2008).