CASANUEVA, Judge,
Concurring.
I fully concur with the court’s opinion. I write only to discuss the unpreserved issue that was raised in this appeal and its ramifications.

Facts

Mr. Jaimes was convicted following a jury trial of committing an aggravated battery on Richard Miller. The information charged the crime as follows:
Aniceto B. James, Sr. ... did unlawfully commit a battery upon Richard Miller, by actually and intentionally touching or striking said person, against said person’s will, or by intentionally causing bodily harm to said person, and in committing said battery did use a deadly weapon, to-wit: wooden club or stick, contrary to Florida Statute 784.045.
Although section 784.045, Florida Statutes (2004), provides the offense of aggravated battery occurs when a defendant causes great bodily harm or uses a deadly weapon, the information here alleged only the use of a deadly weapon. However, the verdict form allowed the jury to chose between great bodily harm aggravated battery and deadly weapon aggravated- *350 battery. The jury instructions tracked the verdict form rather than the information. Mr. Jaimes, through counsel, failed to object to either the jury instructions or the jury verdict form. By their verdict, the jury found Mr. Jaimes guilty of aggravated battery by causing serious bodily harm. He was not found guilty of aggravated battery by using a deadly weapon, the crime charged by the information.

Analysis

To warrant relief, Mr. Jaimes must demonstrate that the unpreserved, unobjected-to jury instruction and verdict form are fundamental error; more specifically, that his conviction for the uncharged alternative theory of the offense of aggravated battery by great bodily harm constitutes fundamental error. “Instructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred.” State v. Delva, 575 So.2d 643, 644 (Fla.1991); see also State v. Weaver, 957 So.2d 586, 588 (Fla.2007) (same); Reed v. State, 837 So.2d 366, 370 (Fla.2002) (same).
Following the rationale of Delva, Weaver, Reed, and this court’s analysis in Sanders v. State, 959 So.2d 1232 (Fla. 2d DCA 2007), it is clear that instructing the jury that the State could prove aggravated battery in count three by proving “great bodily harm” — where the State’s information charged aggravated battery in that count only by the use of a deadly weapon — was error. However, this error was not fundamental. In these instances, “fundamental error occurs only in those trials where the uncharged theory included in the jury instruction was actually relied upon by the State and was contested by the defense.” Jomolla v. State, 990 So.2d 1234, 1238 (Fla. 3d DCA 2008) (citing Weaver, 957 So.2d at 586).
Here, the record demonstrates that the State did not argue the “great bodily harm” theory to the jury for count three or introduce testimony concerning Mr. Miller’s injuries for that purpose. Rather, the testimony showed and the State argued that Mr. Jaimes committed aggravated battery only by using the club as a deadly weapon.
A final unpreserved issue about count three merits comment. The jury’s verdict indicates that it rejected the deadly weapon theory of aggravated battery on Mr. Miller and that Mr. Jaimes inflicted great bodily harm instead. The State’s evidence established that Mr. Jaimes struck Mr. Miller twice on the head, first with his fist, after which Mr. Miller staggered but was able to exit the bar, where Mr. Jaimes then hit him on the head with the wooden club or bat. The second strike opened a gash on Mr. Miller’s head which required stitches (staples) to close. Because the jury rejected the deadly weapon version, the remaining evidence on this count proved only a misdemeanor battery by the fist strike. Because the jury verdict on this count was not supported by the evidence, a postverdict motion for judgment of acquittal on this felony count pursuant to Florida Rule of Criminal Procedure 3.380 was in order, at least to reduce it to a misdemeanor battery offense. See State v. Shearod, 992 So.2d 900 (Fla. 2d DCA 2008). Our record does not disclose that defense counsel made such a motion, either at trial or afterwards.
In summary, three opportunities to avoid error were missed: first, to instruct the jury correctly on the proper charge that the State levied against Mr. Jaimes in count three; second, to present the jury with a proper verdict form for count three; and third, to correct the result of the first two after the fact.