958 So.2d 1153 (2007)
Jason EARLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0508.
District Court of Appeal of Florida, First District.
June 29, 2007.
Jason Earls, pro se, Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court improperly denied the appellant's motion as untimely, we reverse.
On August 25, 2004, pursuant to a plea of nolo contendere, the appellant was sentenced to ten years' imprisonment followed by two years' probation for armed robbery with a firearm. He did not file a direct appeal of his judgment and sentence. The certificate of service on the appellant's motion for postconviction relief reflects that the motion was placed in the hands of prison officials for mailing on September 22, 2006. The trial court denied the motion as untimely.
The denial of the appellant's motion as untimely was improper. The two-year time limitation for filing motions for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until appellate proceedings have concluded and the court issues a mandate or thirty days after the trial court enters its order if no direct appeal is filed. See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Because the appellant did not file a direct appeal, his conviction and sentence became final and the two-year time limitation began to run on September 24, 2004. Under the mailbox rule, the date that a motion is placed into the hands of prison officials for filing is the date that the motion is considered filed. Thompson v. State, 761 So.2d 324 (Fla.2000). Accordingly, the appellant's motion was timely filed on September 22, 2006.
*1154 We therefore reverse the trial court's summary denial of the appellant's motion for postconviction relief as untimely, and remand for the trial court to consider the motion on the merits.
REVERSED AND REMANDED.
BENTON, HAWKES, and THOMAS, JJ., concur.