STEVENSON, J.
Shane Johnson has filed a notice of appeal directed to the trial court’s dismissal of his Petition for Writ of Habeas Corpus. We dismiss the appeal as the notice was filed more than thirty days after the trial court filed the final order with the clerk and Johnson’s untimely motion for rehearing did not suspend rendition of that final order.
Habeas corpus is a civil remedy and, as such, governed by the Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.630 (rule governing extraordinary remedies, including writs of habeas corpus); Brigham v. State, 769 So.2d 1100, 1101 (Fla. 1st DCA 2000) (recognizing writ of habeas corpus is a civil remedy). Florida Rule of Appellate Procedure 9.110(b) provides that a notice of appeal in a civil case must be filed with the clerk of the lower court within thirty days of the date of rendition of the order appealed. An order is rendered on the date that it is filed with the clerk’s office absent “an authorized and timely motion ... for rehearing-” See Fla. R.App. P. 9.020(h). A timely and authorized motion will serve to suspend rendition of the judgment or order until disposition of the motion. See, e.g., Fire & Cas. Ins. Co. of Conn. v. *403 Sealey, 810 So.2d 988, 990-91 (Fla. 1st DCA 2002) (filing of motion listed in rule 9.020 suspends rendition only if motion is timely). Florida Rule of Civil Procedure 1.580(b) provides that a motion for rehearing “shall be served not later than 10 days after ... the date of filing of the judgment in a non-jury action.” And, finally, under the “mailbox rule,” a prisoner’s pleading is deemed filed the date that it is placed in the hands of prison officials. See, e.g., Earls v. State, 958 So.2d 1153, 1158 (Fla. 1st DCA 2007).
Application of the foregoing rules to the instant case results in the conclusion that the instant notice of appeal (filed on March 20, 2007) was untimely as Johnson’s motion for rehearing (filed on February 8, 2007) was not timely and did not serve to toll rendition of the order dismissing his petition for habeas corpus (filed on January 12, 2007).

Dismissed.

STONE and HAZOURI, JJ., concur.