POLEN, J.
 

 Appellant, Henry Battle, timely appeals his conviction and sentence. This court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A).
 

 Battle was charged by information with burglary of a dwelling, theft and battery on a law enforcement officer. A detective and investigating officers, as well as two witnesses, testified at the jury trial in April 2007. The detective testified that he had observed Battle running along a sidewalk with socks on his hands, ducking and hiding between parked cars. This detective and the officer accompanying him found Battle’s behavior highly suspicious. The detective followed Battle in the marked police unit while the officer exited the car and chased Battle. After some physical struggle, the officer was able to tackle Battle to the ground and handcuff him.
 

 Battle told the detective and the officer that his name was Larry Jones. They thus wrote the name “Larry Jones” on the evidence bag containing the socks Battle wore on his hands.
 

 As the detective and the officer detained Battle, four Hispanic men ran toward them. The detective discovered, after speaking with the men, that someone took money from their home. A search of Battle’s person revealed he carried the exact amount and denomination of money that the witnesses claimed was missing.
 

 Because the Hispanic men did not speak more than broken English, a Spanish-speaking officer was called to the scene to help the witnesses make an identification of Battle. The witnesses identified Battle as the intruder that they saw inside their home minutes before their conversation with the police. At the time of trial, two of the witnesses had returned to Mexico.
 

 At trial, the detective and one of the officers testified that the unavailable witnesses had told them the exact amount and denomination of money the intruder stole. In addition, on redirect examination, the prosecutor asked the detective how sure he was that Battle committed the burglary. After reciting the evidence collected, the detective answered, “Definitely, one hundred percent, [Battle] is the guy that committed the burglary.”
 

 At the conclusion of the trial, Battle was convicted of burglary of a dwelling, theft and simple battery, a lesser included offense of battery on a law enforcement officer. The trial court sentenced Battle to thirty-years imprisonment on the burglary count and time served on the theft and simple battery counts.
 

 Battle first argues on appeal that any testimony by law enforcement officials regarding the claims made by the two unavailable witnesses is inadmissible hearsay and a violation of the Confrontation Clause. Battle emphasizes that the detective and the officer were permitted to testify that the unavailable witnesses had told them the precise amount of money they were missing, as well as the exact denomi
 
 *1047
 
 nation. This hearsay testimony was the foundation of the State’s identification case.
 

 We ■ agree that the trial court abused its discretion in admitting testimony regarding the out-of-court statements of the unavailable witnesses. We reverse as to the admission of evidence regarding the statements of these declarants. Though a trial court has wide discretion concerning the admission of evidence, the court’s discretion is limited by the rules of evidence.
 
 E.g., McDuffie v. State,
 
 970 So.2d 312, 326 (Fla.2007). The hearsay evidence was inadmissible. The State should have taken steps to preserve the testimony of these two men before they returned to Mexico.
 

 Battle also argues that because he was unable to cross-examine these witnesses, the admission of their statements violated the Confrontation Clause.
 
 E.g., Davis v. Washington,
 
 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006);
 
 Crawford v. Washington,
 
 541 U.S. 36, 50-53, 124 S.Ct. 1354, 158 L.E.2d 177 (2004) (holding admission of “testimonial” statements by unavailable declarants a defendant has not had the opportunity to cross-examine violates the Confrontation Clause of the Sixth Amendment). Here, the witnesses’ statements were made between fifteen and twenty minutes after the burglary while Battle was in police custody, and so were not solicited by the police in attempts to respond to an ongoing emergency.
 
 See Davis,
 
 547 U.S. at 822, 126 S.Ct. 2266 (“[Statements] are testimonial when the circumstances objectively indicate that there is no ... ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.”);
 
 Crawford,
 
 541 U.S. at 50-53, 124 S.Ct. 1354. The admission of these testimonial statements violated Battle’s constitutional rights.
 

 Secondly, Battle argues that evidence regarding his alias is inadmissible as other crimes evidence offered only to show his bad character or propensity to commit crimes.
 
 See
 
 § 90.404(2)(a), Fla. Stat. (2007). Specifically, Battle challenges the State’s reference to the false name Larry Jones that Battle provided to the police upon his arrest. The detective and officer wrote Larry Jones on the evidence bag containing the socks that Battle wore on his hands. Evidence of prior crimes or bad acts is admissible to prove facts other then character or propensity, such as identity.
 
 Id.
 
 Here, the trial court’s admission of testimony regarding Battle’s alias was not in error. The State had to explain to the jury why a name other than Henry Battle was on the evidence bag. The information regarding Battle’s alias was integral to the facts of the arrest and explained what would otherwise be inexplicable. Thus, the false name testimony was not inadmissible evidence of a collateral crime or bad act, but intertwined with the present case.
 

 Battle thirdly objects to admission of the detective’s opinion testimony. During the trial, the detective testified that “definitely, one hundred percent, [Battle] is the guy that committed the burglary.” Battle argues that this statement was improper opinion testimony, which tainted the jury and requires reversal.
 

 Generally, “a witness’s opinion as to the guilt or innocence of the accused is not admissible.”
 
 E.g., Martinez v. State,
 
 761 So.2d 1074, 1079 (Fla.2000). Florida statutory law excludes such opinion testimony, regardless of its relevance, “on the grounds that its probative value is substantially outweighed by unfair prejudice to the defendant.”
 
 Id.; see
 
 § 90.403, Fla. Stat. (2007). The danger of prejudice in
 
 *1048
 
 creases when an investigating officer is permitted to offer an opinion as to the defendant’s guilt.
 
 Martinez,
 
 761 So.2d at 1080. “In this situation, an opinion about the ultimate issue of guilt could convey the impression that evidence not presented to the jury, but known to the investigating officer, supports the charges against the defendant.”
 
 Id.
 

 Though the issue is not preserved for appeal, if defense counsel properly had objected to the detective’s opinion, it would have been excluded as an impermissible opinion on Battle’s guilt. The detective’s opinion as to the guilt of the defendant impinged on the jury’s determination. Trial courts should be stricter in cautioning counsel against soliciting such opinions and law enforcement officials about making such statements. As this case will be remanded for a new trial, such testimony should not be allowed.
 

 Lastly, Battle concedes that the alleged impropriety of remarks made during the State’s closing arguments was not preserved for appellate review. We thus affirm without further discussion.
 

 In summary, we reverse and remand for a new trial based upon Battle’s first argument, and affirm as to his second, third and fourth arguments on appeal.
 

 Affirmed in part, reversed and remanded in part.
 

 WARNER and TAYLOR, JJ., concur.