DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHAEL HASPEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-317

[October 1, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 10-8926 CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

### ON MOTION FOR REHEARING

WARNER, J.

We deny appellant's motion for rehearing but withdraw our prior opinion and substitute the following in its place.

Appellant challenges his multiple convictions for sexual battery of a child under the age of twelve, for which he received life in prison and other concurrent sentences for lesser offenses. He raises three issues. First, he claims that his attorney was ineffective in failing to object when a detective testified as to when the crimes occurred, thus giving the officer's opinion of defendant's guilt. As the question did not inquire as to the officer's opinion of guilt, no error occurred. Second, he claims that the prosecutor improperly appealed to sympathy by referring to the victim as "damaged." The evidence supported the prosecutor's statement, however, and thus it was not improper. Finally, he argues that the jury instructions were in

error because they included conduct not charged in the charging document. Because no objection was made, this issue was not preserved. Nevertheless, we conclude that, even if it had been preserved, the error was not harmful. We thus affirm.

Appellant was charged and convicted of sexual battery against his step-daughter, beginning when she was eight years old and continuing on a regular basis. She did not report the crimes until she was seventeen. When confronted, appellant made multiple incriminating statements both to his ex-wife and on a recorded telephone call.

At the trial, the investigating detective was asked, "[D]uring the course of your investigation, did you determine that the alleged incidents occurred as early as 2001?" He responded, "Yes." No objection was made, but on appeal, appellant claims that this amounted to the detective giving an improper opinion on the appellant's guilt. In no way do we find that the question and answer could be construed as the detective giving his opinion on the guilt of the appellant. The question merely sought to establish the earliest date that the "alleged" incidents occurred, as the time was relevant to the issue of the age of the victim.

This is entirely different than *Battle v. State*, 19 So. 3d 1045 (Fla. 4th DCA 2009), upon which appellant relies. There, the officer was allowed to testify that, although he had not witnessed the burglary, "[d]efinitely, one hundred percent, [Battle] is the guy that committed the burglary." *Id.* at 1046. We concluded that this was clearly opinion evidence and could have conveyed to the jury the impression that the officer had other evidence of Battle's guilt. *Id.* at 1047-48. In the present case, however, the officer's comment was not opinion evidence, nor did it convey to the jury that the detective may have possessed additional information which led to a conclusion of appellant's guilt. As this did not constitute opinion evidence, appellant's contention lacks merit.

During closing argument, the prosecutor referred to the victim as "damaged" on multiple occasions. Despite never having objected to the use of the word "damaged" at trial, appellant now asserts that this was an improper appeal to the jury for sympathy for the victim which was intended to inflame the jurors and which amounted to fundamental error. We disagree. Much of the "damage" referred to by the prosecutor was a description of the victim's psychological state caused by other harmful events in her life. The prosecutor used these events to explain why she didn't seek help when she was young and the abuse started. The evidence at trial showed that the victim had been abused by her first step-father as

well as appellant, and disbelieved by her grandmother when she tried to report the abuse by the appellant.

Moreover, as these references were never objected to, they would have to amount to fundamental error for us to reverse. In order for prosecutorial misconduct to amount to fundamental error, it must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Farina v. State,* 937 So. 2d 612, 629 (Fla. 2006) (quoting *Harrell v. State*, 894 So. 2d 935, 941 (Fla. 2005)). These comments do not rise to that level.

Finally, appellant claims that the jury instruction was incorrect in that it allowed the jury to convict him on conduct not charged. The state charged appellant in count IV with committing a sexual battery "by causing his finger to penetrate the vagina" of the victim. But the jury instruction merely instructed that the state had to prove that her vagina was penetrated by "an object." Appellant argues that it is fundamental error to instruct the jury on an alternative act where the state has alleged only one of several possible acts.

He relies on *Sanders v. State*, 959 So. 2d 1232 (Fla. 2d DCA 2007), in which the jury was instructed on alternative means of committing aggravated battery on a law enforcement officer, although one alternative was uncharged. *Id.* at 1233. The state presented some evidence of the uncharged alternative means, and both parties mentioned it in closing argument. *Id.* at 1234. Under these circumstances, the court held that the jury instruction including both alternative theories was fundamentally erroneous as it was impossible to tell whether the jury found the defendant guilty of the charged crime or the uncharged alternative. *Id.*

The present case is distinguishable from *Sanders* and controlled by *State v. Weaver*, 957 So. 2d 586 (Fla. 2007), in which the supreme court held that a jury instruction which includes alternative means of committing an offense, even though one alternative was not charged, is not fundamentally erroneous where the state offered no evidence of the uncharged alternative, nor argued its merits to the jury. In this case, as in *Weaver*, there was no evidence of the alternative means of committing the crime, *i.e.*, that she was penetrated by "an object" other than appellant's finger. The information charged digital penetration, and the prosecutor argued in closing that the jury needed to find digital penetration to convict appellant. The verdict instructed the jury to find appellant guilty "as charged in the information." The type of error which occurred in *Sanders* did not occur in this case, nor was any error of such an extent that it would have vitiated the trial.

3

For the foregoing reasons we affirm appellant's convictions and sentences.

DAMOORGIAN, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***