On Concession of ERROR
PER CURIAM.
Bernard Davis appeals from a final order barring him from filing any more pro se pleadings. The trial court found that Davis had -committed an abuse of judicial procedure by filing repetitive and frivolous post-conviction motions, and ordered him to show .cause why the court should not sanction him by refusing to accept any more pro se filings. When Davis failed to *996 respond to the show cause order within thirty days, the court imposed the sanctions order concluding that he had abused the right to pro se access to the courts.
Davis argues on appeal that the trial court erred by deeming his response untimely, and the State has conceded the point. We agree that the sanctions order was issued in error.
The record reflects that Davis submitted his response to the prison mail room within the thirty day timeframe imposed by the court, as indicated by a date stamp on the first page of the document. However, his response was not received and filed by the clerk until after the thirty days had expired. Thereafter, the trial codrt rendered a final order finding that Davis had failed to timely file his response, and consequently failed to show good cause for why he should not be barred from filing further pro se pleadings.
A trial court’s decision to sanction an incarcerated pro se litigant by barring him or her from submitting future pro se filings is reviewed for an abuse of discretion. See, e.g., Hudson v. State, 95 So.3d 413, 414 (Fla. 4th DCA 2012) (“[T]he trial court did not abuse its discretion when it issued the sanction order barring further pro se filings.... ”).
In Haag v. State, 591 So.2d 614, 617 (Fla.1992), the Florida Supreme Court adopted the “mailbox rule” for notices of appeal or .petitions filed by incarcerated pro se litigants. Under this rule, “a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.” Id.
The court later expanded the “mailbox rule” to' include any legal document given to prison officials for mailing by a pro se inmate:
Therefore, in order to carry out the intent of our decision in Haag, henceforth we will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date. This presumption will shift the burden to the 'State to prove that the document was not timely placed in prison officials’ hands for mailing. Should the State wish to have a means of verifying or objecting to an inmate’s assertion that his or her pleading was actually placed in the hands of prison or jail officials on a particular date, we leave it to the State to create and implement the mechanism for doing so.
Thompson v. State, 761 So.2d 324, 326 (FIa.2000); see also Johnson v. State, 969 So.2d 402, 403 (Fla. 4th DCA 2007) (“[Hinder the ‘mailbox rule,’ a prisoner’s pleading is deemed filed the date that it is placed in the hands of prison officials.”); Earls v. State, 958 So.2d 1153, 1153 (Fla. 1st DCA 2007) (same).
Accordingly, Davis’s response was timely filed when he presented the document to prison officials for mailing within the thirty day window, and the trial court incorrectly concluded that he had failed to timely respond to the order to show cause. Because it appears that the trial judge never, considered Davis’s response prior to entering the final order, we reverse and remand this matter with instructions that the trial court properly consider and rule *997 upon his response to the order' to show cause.

Reversed and Remanded.

GERBER, CONNER and KLINGENSMITH,' JJ., concur;