DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL HASPEL**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-3475

[May 16, 2018]

Appeal of order denying 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 10-8926CF10A.

Michael Haspel, Bowling Green, pro se.

No appearance required for appellee.

KUNTZ, J.

Michael Haspel, proceeding pro se, appeals the court's denial of his motion for post-conviction relief. The underlying facts are discussed in our opinion affirming his convictions. *See Haspel v. State*, 164 So. 3d 6 (Fla. 4th DCA 2014).

In his motion for post-conviction relief, Haspel raised four claims of ineffective assistance of counsel: (1) failure to call witnesses; (2) advising to reject plea offer; (3) failure to request lesser-included offense jury instruction; and (4) advising against testifying. Haspel also argued cumulative error. The court denied the motion, and the record shows that his claims lack merit. Haspel told the court he did not want to call any additional witnesses; the State did not make a plea offer; counsel *did* request the jury instruction; and Haspel told the trial court it was his decision not to testify. Thus, as to those five claims, we affirm.

That said, in his brief on appeal, Haspel states that he filed an amended motion raising supplemental claims. Based on this assertion, we ordered the State to show cause why the court's order should not be reversed to allow the court to address the two claims raised in his supplemental

motion. In response, the State asserts Haspel fails to establish the supplemental motion and claims exist. But Haspel has now done so. In reply to the State's response, Haspel filed a copy of his supplemental motion which bears a stamp from the prison mail system of May 19, 2016, and his supplemental motion is considered filed on that date. *Johnson v. State*, 969 So. 2d 402, 403 (Fla. 4th DCA 2007) ("[U]nder the 'mailbox rule,' a prisoner's pleading is deemed filed the date that it is placed in the hands of prison officials."); *see also Earls v. State*, 958 So. 2d 1153, 1153 (Fla. 1st DCA 2007).

Of course, the filing of an amended motion must be authorized and timely. Florida Rule of Criminal Procedure 3.850(e) provides that a motion may be amended at any time before the court rules on the motion or orders the state to respond. Here, the circuit court did not order the State to respond to Haspel's original motion until May 24, 2016. So Haspel submitted his supplemental motion days before the court ordered the State to respond to his original motion. Thus, his supplemental motion was both authorized and timely.

The court's order is affirmed in part and reversed in part. We affirm the order to the extent that it denied the claims raised in Haspel's May 10, 2016, motion for post-conviction relief. The court's order, however, is reversed for failing to address the claims raised in Haspel's May 19, 2016, supplemental motion.[1] The case is remanded for further proceedings limited to the issues raised in Haspel's May 19, 2016, supplemental motion.

*Affirmed in part, reversed in part.*

WARNER and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Our review of the record indicates the court was not aware the supplemental motion had been filed.